## Mangos v. Cronis et al.

*Wage claims—Rent—Priority—Acts of May 12, 1891, and June 4, 1901.*

1. The Act of May 26, 1891, P. L. 122, which directs that rent shall be first paid out of proceeds of sale of personal property on demised premises, was repealed by the Insolvency Act of June 4, 1901, P. L. 404, but the Act of 1901 was held to be suspended by the National Bankruptcy Act of July 1, 1898, 30 Stat. at L. 544, which related to persons owing debts of $1000 or over.

2. Where a landlord and employees of the defendant in an execution present claims against a fund raised by a sale of the defendant's chattels, but there is nothing to show what sum the defendant owed, the court can make no order as to whether the rent or the wages claims shall have priority.

Proceedings to distribute fund paid into court by sheriff. C. P. Schuylkill Co., July T., 1927, No. 24.

*W. C. Devitt*, for plaintiff.

*James J. Gallagher* and *James H. O'Connor*, for defendants.

BECHTEL, P. J., Dec. 12, 1927.—In this case, Mike Kasko and Harry Hanges petitioned the court, setting forth, *inter alia*, that the defendants conducted a restaurant in Mahanoy City, Schuylkill County, Pennsylvania, under the name of the Presto Restaurant, in which restaurant the petitioners were employed as cook and waiter, respectively.

That by virtue of an execution issued by plaintiff for rent arrearages, a levy was made on the goods and chattels of the defendant by the Sheriff of Schuylkill County.

That before the sale under said execution, the petitioners filed with the sheriff wage claims in proper form, Kasko claiming the sum of $200 and Hanges the sum of $115.

That the goods and chattels of the defendant were sold for $460.

The sheriff refused to pay these claims for the reason that he was of opinion that the rent due was a prior claim to the wage claims.

Thereupon a rule was granted and the sheriff directed to pay the proceeds of the sale as aforesaid into the court for distribution.

The question before the court is, shall the wage claims be preferred to the rent claims. The Act of May 12, 1891, P. L. 54, provides, *inter alia*, that wage claims "shall be preferred and first paid out of the proceeds of the sale of such real and personal property."

The Act of May 26, 1891, P. L. 122, directs that rent shall be first paid out of the proceeds of such property. The Act of May 26, 1891, *supra*, giving a preference to rent, has been repealed by the repealing clause at the end of the Insolvency Act of June 4, 1901, P. L. 404. This act, however, has been held to be suspended by the National Bankruptcy Act of July 1, 1898, 30 Stat. at L. 544, and not to be operative as to the persons and subjects to which the Federal act applies: Potts *v.* Smith Manuf. Co., 25 Pa. Superior Ct. 206.

The Act of June 4, 1901, *supra*, subdiv. *B*, P. L. 404, enacts that: "Any natural person except a wage earner or a person engaged chiefly in farming

### Mangos v. Cronis et al.

or the tillage of the soil, any unincorporated company, any corporation engaged principally in manufacturing, trading, printing, publishing or mercantile pursuits, owing debts to the amount of one thousand dollars or over may be adjudged an involuntary bankrupt upon default or impartial trial, and shall be subject to the provisions and entitled to the benefits of this act."

In the case at bar, there is nothing before us to disclose the amount owing by the defendants. It is impossible for us to tell, therefore, whether they come within the foregoing provisions or not. It has been held that the suspension of the Act of 1901 applies to and operates upon every part of the act and, therefore, on the repealing clause in question. It, therefore, follows that if the defendants are persons to whom the National Bankrupt Act relates, the fund in question should be awarded to the rent claim. If, however, the defendants are not persons to whom the Bankrupt Act applies, then the State act would be operative, giving the landlord [wage claims] a preference. As before stated, we cannot determine from the papers before us whether the act applies to the defendants or not. We, therefore, make no order in this case. From M. M. Burke, Shenandoah, Pa.